UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID GRIFFITH,

        Plaintiff,

v.                         CASE No. 8:09-CV-1457-T-23TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

_____

## REPORT AND RECOMMENDATION

The plaintiff, who has been awarded supplemental security income payments, seeks judicial review of the decision of the Commissioner of Social Security not to reopen an unsuccessful application for disability insurance benefits.[1] This court, however, does not have jurisdiction to review such a decision. Accordingly, this action should be dismissed for lack of jurisdiction.

I.

The plaintiff has filed applications for disability benefits and supplemental security income on two occasions. Much of the extended

---

[1] This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

proceedings regarding those claims is not relevant to the resolution of this lawsuit. The following facts are sufficient to explain, and resolve, this case.

An administrative law judge held a hearing on January 31, 2005, and entered a partially favorable decision on April 27, 2005 (Doc. 10-2, pp. 8-15). The law judge determined that the plaintiff established disability as of May 4, 1999 (id., p. 12) with respect to the claim for supplemental security income. However, the law judge concluded that the plaintiff was not entitled to disability insurance benefits, because he did not establish disability prior to the day he was last insured, which was March 31, 1997 (id., p. 15). The plaintiff, acting *pro se*, sought review from the Appeals Council. On June 14, 2006, the Appeals Council denied review and provided the plaintiff with a notice of his right to appeal to the district court within sixty days (id., pp. 21-23). The plaintiff did not seek judicial review of the final administrative decision.

In 2007 the plaintiff obtained counsel (Doc. 14-6, p. 1). On September 16, 2008, by letter to the Social Security Administration, the plaintiff's counsel requested that the April 27, 2005, decision be reopened (Doc. 10-2, p. 24). The law judge who had entered that decision responded

to the letter on February 18, 2009, stating that he "thoroughly considered" the plaintiff's request to reopen the case and that "[t]here remains no basis to reopen and revise the decision issued on April 27, 2005" (id., p. 30). Consequently, the law judge concluded he had "no current jurisdiction to reopen the prior decision" (id.). He also noted that denying a request to reopen is not an administrative action subject to review (id.).

On June 1, 2009, the Appeals Council, upon plaintiff's further request for reopening, affirmed that there was no basis to reopen the law judge's decision (id., p. 3). The plaintiff sought review in this court on July 31, 2009 (Doc. 1).

II.

Judicial review of Social Security decisions is authorized by 42 U.S.C. 405(g). That section pertinently provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days ...." Thus, under §405(g), judicial review is limited "to a particular type of agency action, a 'final decision of the [Commissioner] made after a

hearing'." Califano v. Sanders, 430 U.S. 99, 108 (1977)(emphasis added). Since a denial of reopening is not such a decision, the Supreme Court held that §405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits." Califano v. Sanders, supra, 430 U.S. at 107-08.

Moreover, §405(g) is the exclusive source of federal court jurisdiction for Social Security cases. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). This is due to 42 U.S.C. 405(h), which states, inter alia, that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided." Consequently, jurisdiction to review Social Security decisions can be based only on §405(g).

### III.

Although a lot of dust has been thrown up in this case, its resolution is really very simple. The plaintiff is apparently seeking review of the denial of reopening of a prior administrative decision, and this court does not have jurisdiction of such a suit.

Nevertheless, before addressing that issue, it is necessary to note that the plaintiff's complaint is so vague he arguably could be seeking judicial review of the final administrative decision of April 27, 2005. If he is, that claim is frivolous.

The Appeals Council issued a notice denying the plaintiff's request for review of the law judge's decision on June 14, 2006, and informing the plaintiff that he had sixty days to file a civil action (Doc. 10-2, Ex. 2). The plaintiff did not file a complaint in that time, and no extension of time was requested, or granted, by the Appeals Council. The plaintiff provides no reason for not filing a complaint within sixty days of the Appeals Council's decision. Obviously, a suit filed more than three years after the notification by the Appeals Council that administrative remedies had been exhausted does not satisfy the sixty-day limitation period for seeking review of the final administrative decision. Accordingly, this court does not have jurisdiction to review the decision of April 27, 2005.

Despite the complaint indicating otherwise (Doc. 1, ¶¶1, 2), what the plaintiff seems to be challenging is not the final decision in this case, but the law judge's refusal to reopen the prior denial of benefits (id., ¶11).

However, as previously explained, the law is settled that a denial of reopening is not reviewable under §405(g). See also Loudermilk v. Barnhart, 290 F.3d 1265, 1268 (11th Cir. 2002)("Generally, courts do not have jurisdiction over the Commissioner's decision not to reopen a claim since such a refusal is not a final decision within the meaning of 42 U.S.C. §405(g).")

There are, however, two narrow exceptions to the general rule. Thus, jurisdiction will exist (1) where a Social Security claim is in fact reopened and reconsidered on the merits to any extent, or (2) where a claimant raises a colorable constitutional issue. Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996). The plaintiff does not even mention the latter exception, much less attempt to establish it.

The plaintiff argues, however, that there was "an implicit reopening" of his case in the law judge's response to plaintiff's counsel's letter (Doc. 14, p. 2). This argument is baseless. In the first place, the law judge's comments were not contained in a document labeled "Decision," but in a letter to plaintiff's counsel (Doc. 10-2, Ex. 4; compare Doc. 10-2, Ex. 1). Moreover, the law judge made clear that he was not reopening the prior decision. He stated (Doc. 10-2, Ex. 4, p. 30):

> Thus, your request to reopen is untimely and there is no current jurisdiction to reopen the prior decision. Nonetheless, the Administrative Law Judge again stresses that the claimant's file and the previous decision [have] been reviewed thoroughly. There remains no basis to reopen and revise the decision issued on April 27, 2005. Moreover, in that a denial of a request to reopen a determination or decision is not an administrative action subject to administrative review, your appeal rights have been exhausted....

This statement unquestionably establishes that the law judge did not reopen the prior decision.

Further, the plaintiff did not assert that the Appeals Council had reopened the prior decision. Nevertheless, it is noteworthy that the declaration from the Social Security official stated that "the Appeals Council denied the plaintiff's [request] for reopening of the Administrative Law Judge's decision, finding that there was no basis to reopen the Administrative Law Judge's decision" (Doc. 10-2, p. 3). The plaintiff has not controverted this statement.

Therefore, there is no evidence that the prior decision was reopened to any extent. See Cash v. Barnhart, 327 F.3d 1252, 1256-57 (11th Cir. 2003). Consequently, the plaintiff cannot base jurisdiction on an

exception to the general rule that a federal court does not have jurisdiction under §405(g) to review a denial of reopening. Under these circumstances, this court lacks jurisdiction of this suit. Accordingly, I recommend that the Commissioner's motion (Doc. 10) be granted, and the case be dismissed pursuant to Rule 12(b)(1), F.R.Civ.P.[2]

Respectfully submitted,

*Thomas S. Wilson*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 4, 2010

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).

---

[2]Since the suit is due to be dismissed pursuant to Rule 12(b)(1), F.R.Civ.P., the plaintiff's various complaints about converting the motion to dismiss to a motion for summary judgment are not well taken. See Goodman o/b/o Goodman v. Sipos, 259 F.3d 1327, 1332 n. 6 (11th Cir. 2001).